## GEORGE W. TEGARDEN v. JAMES CARPENTER.

1. HIGH COURT: RULE AS TO ESTABLISHING VERDICT SET ASIDE IN COURT BELOW.—Where the plaintiff in error seeks to establish in this court a verdict which had been rendered in his favor in the court below and set aside, he must show that it was correct upon the evidence actually submitted to the jury; and

hence this court, in determining upon the propriety of the judgment of the court below in setting aside the verdict, will not consider any evidence offered by the plaintiff in error on the trial, and erroneously excluded from the jury by the court.

2. STATUTE OF LIMITATIONS: ADVERSE POSSESSION: MUST BE CONTINUOUS.— The rule is well settled, that in order to render the defence of adverse posses-sion available under the plea of the Statute of Limitations, to an action of ejectment, it must be shown that the defendant, and those under whom he claims, have been continuously in possession, under claim of title, for the sta-tutory period; or if not in the actual occupancy, that he or they have exercised ownership and control over the premises during that time; and hence, when it appeared that the defendant's vendor vacated the premises for a short time be-fore he sold to defendant, and before the latter took possession, and it did not appear that during this time either of them exercised any ownership or control over the land, it was held that the adverse possession was not continuous, and the two possessions could not be added together. See Angell on Lim. §§ 392 and 413.

3. PLEADING ACT OF 1850: STATUTE OF LIMITATIONS.—Under the Pleading Act of 1850, the defendant in an action of ejectment may rely upon the Statute of Limitations by special plea, setting up the facts which constitute his defence. At common law, a special plea was not allowable, as the defence could be made under the plea of not guilty.

4. PLEADING: RIGHT OF DEFENDANT TO PLEAD SPECIALLY.—Where the law allows the defendant to plead his defence specially, he shall not be deprived of his right to do so, because he may be able to make the proof of the same defence under another and general plea, which he has already pleaded; and hence it will be error to sustain a demurrer to a special amended plea, merely because the defendant could set up same defence under the general issue, which had been originally pleaded.

ERROR to the Circuit Court of Harrison county. Hon. William M. Hancock, judge.

On the 31st of July, 1855, Carpenter sued Tegarden in the court below, to recover possession of a quarter section of land. The com-plaint (which was under the Pleading Act of 1850) alleged that Carpenter was the owner, and entitled to the possession of the land; and that Tegarden was in possession, and wrongfully withheld the same. The defendant pleaded, 1st. A general denial. 2d. That the suit was commenced more than seven years after plaintiff's right of action accrued. 3d. That the defendant, and those under whom he claimed, had been in the adverse possession of the land for more

than ten years before the commencement of the suit. Upon these pleas the defendant took issue, and the cause was submitted to a jury, who found for the defendant. On the trial, the plaintiff read in evidence a patent from the United States for the land in controversy, dated in 1841, and proved that defendant was in possession, and the value of the rents.

The defendant then offered in evidence certain deeds: 1st, one from B. Lambert, the deputy sheriff of Harrison county, dated August 6th, 1838, which purported to have been made in pursuance of a sale made by, or an execution emanating from, a judgment in the Circuit Court of Hancock county, in favor of one Lee against the plaintiff. This deed was made to one Hally, the purchaser at the sale. The defendant, in support of said deed, introduced R. Seal, who testified that the records of the Circuit Court of Hancock county had been destroyed by fire; and that he had been deputy clerk in said court; and that, previous to the destruction of said records, he had examined the record in the case of *Lee* v. *Carpenter*, and that there was no entry of judgment on the minutes of the court in said case, except "judgment by default against the defendant."

Because the defendant failed to show a valid judgment in said cause against Carpenter, the court excluded the said deed from the jury. The court also excluded a deed offered in evidence by defendant from said Hally, conveying the land in controversy to one L. Endt, dated in 1843; and a deed for the same land from Endt to defendant, dated in 1850. The defendant then introduced W. H. Tegarden, who testified as follows: "That Lewis Endt went into possession of the premises under purchase from Hally in 1843,—continued in possession until 1850, when he sold to defendant, with the exception of a short interval,—that the defendant went into possession in 1850; and that defendant had remained in possession up to this time. That Endt and defendant together, had been in possession from 1843, with the exception of a short interval; that the plaintiff had never been in possession."

William A. Champlin, for defendant, testified that "he (witness) was clerk of the Court of Probates of Harrison county; that Endt brought the deed from Hally to him for record, and that witness

recorded it; and that Endt took possession under the deed, and remained in possession until he sold to the defendant."

This was all the evidence.

The plaintiff moved for a new trial, which was granted, and the defendant excepted.

At the next term, the defendant, under leave granted, filed the following amended answer:—

"Now comes the defendant and says, that this defendant, and those under whom he claims title, held adverse possession of the premises sued for, under claim and color of title, for the space of seven years, from and after the 24th day of February, 1844 (the date of the Limitation Act); and before the commencement of this suit, and before the 1st day of March, 1854 (the date of the amendment to the Limitation Act); and this he is ready to verify," &c.

The plaintiff moved to strike out this plea, which was refused; he then demurred, and his demurrer was sustained.

On the second trial, a verdict was rendered for plaintiff, who moved for a new trial, which was refused, and he again excepted, and sued out this writ of error.

*W. P. Harris,* for plaintiff in error,

Cited Angell on Lim. 478–9, 503–6; *Adams* v. *Guice,* 30 Miss. R. 397; *Jackson* v. *Newton,* 18 Johns. R. 360; *Jackson* v. *Le Trombois,* 8 Cow. 589; *Reggs* v. *Dooley,* 7 B. Monroe, 256; *Northrop* v. *Wright,* 7 Hill. 476.

*R. Seal* and *John Henderson,* for defendant in error.

*F. Anderson,* on same side,

Cited Angell on Lim. 446, § 34; Ib. 447–8, § 35; *Fanning* v. v. *Wilcox,* 3 Day's R. 259.

HANDY, J., delivered the opinion of the court.

This action was brought by the defendant in error, to recover a tract of land in the possession of the plaintiff in error.

The case was first tried in November term, 1857, upon issues of *general denial* of the plaintiff's claim, and *the Statutes of Limitations* of *seven years* and *ten years,* and a verdict was rendered for the

defendant. The plaintiff moved for a new trial, which was granted, and to this the defendant excepted. At May term, 1858, a new trial was had, and a verdict was rendered for the plaintiff. The defendant moved for a new trial, which motion was overruled, and the defendant excepted.

The first error assigned is the action of the court in setting aside the first verdict; and it is insisted that that verdict was correct, and that the order granting the new trial should be reversed, and judgment be rendered on the verdict for the defendant.

In support of this position, it is contended that the deeds offered in evidence, on the part of the defendant, and excluded by the court, were admissible to show color of title in him; and that this, together with the evidence of possession by the defendant and those under whom he claimed, from the year 1843 to the time of institution of the suit in 1855, adversely to the plaintiff, clearly established the issue for the defendant under the Statute of Limitations; and, therefore, that he is entitled to judgment on the first verdict.

But in insisting on the correctness of that verdict, it must be judged of by the evidence before the jury, and upon which it was founded, and it cannot be said that the court erred in setting it aside, because evidence was excluded, which should have been admitted, and which tended to sustain it. The position of the plaintiff in error in maintaining that it was correct, must be sustained by showing that it was so, upon the evidence upon which it was found by the jury, and not by reference to evidence which should have been admitted.

Let us consider, then, whether the evidence before the jury was sufficient to sustain it.

The defendant proved, by W. H. Tegarden, that one Lewis Endt went into possession of the premises, under purchase from one Hally, in the year 1843, and continued in possession until 1850, with the exception of a short interval; when he sold to the defendant, who went into possession in 1850, and remained in possession up to the time of the trial; that Endt and defendant together, had been in possession from 1843, with the exception of a short interval, and that plaintiff had never been in possession. He also proved, by W. A. Champlin, that the witness was probate clerk at the time

that Hally sold to Endt, who brought the deed from Hally to him to be recorded, and that it was recorded; that Endt took possession under the deed, and remained in possession until he sold to defendant.

It is admitted, on the part of the defendant in error, that this evidence was sufficient to sustain the defence of the Statute of Limitations, but for the fact that it does not show a continued and uninterrupted possession by the defendant and those under whom he claims, for the period of seven years; and, on the contrary, that it shows that the possession was out of Endt for some interval of time before he conveyed to the defendant. At what time that interval took place does not appear; nor does it appear that Endt was, during that period, exercising ownership and control of the premises. The rule is well settled, that in order to render the defence of adverse possession available under the Statute of Limitations, it must be shown that the party relying on it, and those under whom he claims, have been continuously in possession, under claim of title, for the statutory period; or if not in the actual occupancy, that he or they exercised ownership and control over the premises during that time. Angell on Lim. §§ 392, 413, 3d edit. It was incumbent on the defendant to show this, in order to make good his defence; and having failed to do so, as the evidence appears to be stated in the bill of exceptions, the new trial was properly granted. And it may be remarked, that the same reason would have rendered his defence insufficient, as the evidence is stated in the record, if the deeds offered in his behalf, to show color of title, had been admitted.

This brings us to the errors assigned with reference to the new trial. It is assigned for error that the court sustained a demurrer to the following amended plea, filed before the new trial: "Now comes the said defendant and says, that he, and those under whom he claims title, held adverse possession of the premises sued for, under claim and color of title, for the space of seven years, from and after the 24th day of February, 1844, and before the commencement of this suit, and before the first day of March, 1854, and this he is ready to verify; wherefore he prays judgment," &c.

This plea would not have been allowable under the rules of pleading at common law; but the action being brought under the

Statute of 1850, in relation to pleadings, there appears to be no reason why the plea is not allowable under that act.

The demurrer, it is insisted, on the part of the defendant in error, was properly sustained; because, it is said, the same matters set up in the plea, were already pleaded in the second original plea filed, upon which the plaintiff had taken issue, and upon which the case was tried; and that, therefore, no injury was done to the defendant by sustaining the demurrer. But this appears to be an error of fact. The second plea, was simply that *the action did not accrue* to the plaintiff *within seven years*. But, in this plea, the matters of defence are stated affirmatively,—the adverse possession for seven years, under color of title. If the defence of the Statute of Limitations be allowable, in virtue of the Pleading Act, this is certainly the proper mode of setting it up, and the defendant is entitled to set up the necessary facts affirmatively which constitute the defence. The facts stated in the plea are material, to wit, the continued possession, under color of title, and for the time prescribed by the statute.

It will not do to say that the defendant might have proved the same facts stated in the plea, under his plea of general denial. If he had the right to set up the facts constituting his defence specially, as he might do under the statute, he was entitled to call upon the plaintiff to answer the facts specially stated, and to have the benefit of the answer, which might be such, in some respects, as to save him from proof. But the plea is clearly allowable under the statute; and, whether he obtains any advantage from it or not, he should not be deprived of the right to set up his defence in that mode, because he may be able to make the proof of the same defence under another and general plea.

We think, therefore, that the demurrer was improperly sustained; and, for that reason, that the judgment should be reversed, and the demurrer overruled, which is ordered, and that the cause be remanded for further proceedings.