TUSH-HO-YO-TUBBY *v.* JACOB BARR.

1. STATUTE OF LIMITATIONS: ADVERSE POSSESSION.—Where the declaration in an action of ejectment does not show that the defendant was in possession of the land, the character of that possession and the length of time for which enjoyed, the question of the bar of the Statute of Limitations on account of the adverse possession cannot be raised by a demurrer to the declaration.

ERROR to the Circuit Court of Chickasaw county. Hon. Joel M. Acker, Judge.

*Orr* and *Fontaine* for plaintiff in error.

*Baldwin* and *Miller* for defendant in error.

HARRIS, J., delivered the opinion of the court.

This is an action of ejectment to recover a tract of land located to plaintiff, as a reserve, by the treaty of the United States with the Chickasaw Indians. Plaintiff alleges that he left said land unoccupied in the year 1838, and that ever since he has been beyond the limits of the United States, to wit: In the territory known as Indian Territory, west of the State of Arkansas and east of the Rocky Mountains.

To this declaration the defendant demurred. 1. Generally, that the cause of action is barred by the statute of limitations. 2. Because, admitting that since 1838 plaintiff has resided in the Indian territory described, yet said territory is within the limits of the United States, and the cause of action is barred by our

.statute, and 3. Because plaintiff, as shown, is not a citizen of the United States, and cannot maintain an action in this court.

The only point presented for our determination by the briefs of counsel is, that *on the face of the declaration*, it appears that the plaintiff's cause of action is barred by the Statute of Limitations. This is a misconception of the scope and object of this statute.

It nowhere appears in this declaration that the defendant has been in the *adverse possession* of the land in dispute, for the time limited by the statute or for any time. Plaintiff's right of action did not accrue until there was an adverse possession.

The ground upon which the Statute of Limitations rests is, that the defendant has had the open and notorious adverse possession of the property in dispute for the period limited by the act. The plaintiff's right of action accrues whenever this adverse possession begins, and not before; and the law, because of his presumed knowledge of such adverse possession, and his acquiescence therein, until after the period prescribed, bars him of his remedy as well as of all right. *Ellis* v. *Murray*, 28 Miss. p. 129, and 33 Miss. p. 14. No length of possession will bar the right of the owner to recover his property, in possession of another, unless such possession be continuous and adverse. *Adams* v. *Guice*, 30 Miss. p. 397; *Tegarden* v. *Carpenter*, 36 Miss. R. p. 404; *Nixon* v. *Porter*, 38 Miss. R. p. 401.

Whether, therefore, the plaintiff was present in this State or absent, does not affect his right, under the Statute of Limitations, unless it appears that there was an adverse possession for the time prescribed.

The demurrer, on this ground, was therefore improperly sustained.

The last ground of error assigned, that the plaintiff is not a citizen of the United States, and cannot, therefore, maintain an action in our courts, is not insisted on here, and seems to be without any foundation.

Let the judgment be reversed, and cause remanded for further proceedings.