GEORGE ELLIS *v.* PETER G. MURRAY.

Assuming this action to be in the nature of a writ of right, it must be subject to the fundamental rules governing such an action at common law, for the pleading statute of 1850 did not intend to dispense with the proof of what was absolutely necessary in showing demandant's title and right to recover: *Held*, that under the rules appertaining to actions of this kind at common law, it was incumbent on the demandant to prove his seizin within the time limited by law, and failing to do so, he could not recover, because it was the foundation of his title.

Where the seizin was denied, the demandant was bound to prove it within the time prescribed, and the defendant (E.) was, therefore, not bound to plead the statute of limitations : *Held*, that the defence was therefore allowable in this case, under the general denial of seizin.

The first section of the act of limitations of 1844 (Hutch. Co. 829) provides, that from and after its passage, " every possessory, ancestral, mixed, or other action for any lands, tenements, or hereditaments, or lease for a term of years, shall be commenced within seven years next after the right or title thereto, or cause of such action accrued, and not after." *Held*, as a general rule, that a statute which treats of things or persons of an inferior degree, cannot, by any general words, be extended to those of a superior degree; yet where all those of an inferior degree are embraced by the express words used, and there are still general words, they must be applied to things of a higher degree than those enumerated; for otherwise there would be nothing for the general words to operate upon, and effect could not be given to the words.

The act of the legislature of 1844, just cited; omitted the word " real" as specifying a particular kind of action, because it would be embraced in the general words employed in the act. *Held*, that all actions for the recovery either of the land itself or of the possession and damages, were intended to be embraced in that act.

By the third section of the act of 1844, actual adverse possession of ten years, " vests a full and complete title to the land in possession," and a party having had such possession, might sue for the recovery of it at any time within the period limited in the first section, without further evidence of his title than that he had had ten years' actual adverse possession. *Held*, that the third section was intended to secure a right of property by the possession of ten years, but the first section was only intended to fix a period of limitation for bringing an action after the right was disturbed. The former applies to parties suing, the latter only to defendants.

IN error from the circuit court of Copiah county; Hon. W. P. Harris, judge.

At the December term, 1851, the defendant in error filed his complaint in the Copiah circuit court, against George Ellis, which contained in substance the following allegations : —

Peter G. Murray complains of George Ellis, defendant, that he is unlawfully in possession of the following tracts or parcels of land, namely, the south half of west half of south-east quarter, and the east half of the south-west quarter of section five, township one, range three west, containing by estimation one hundred and twenty acres more or less, lying and being situate in said county and State, of which said lands said demandant was seized with the appurtenances, in his demesne as of fee and right, and avers that he claims the fee-simple in said lands within fifty years last past, and until the said defendant on the —— day of February, in the year 1844, unlawfully entered upon said lands, and refused to and now refuses to give up the possession thereof to said demandant; and he being barred of his right of entry and seizin thereof in fee as aforesaid, is entitled to the quiet possession of said lands, and therefore demands the judgment of this court, and the writ of seizin and possession of said lands, together with his costs.

Demurrer filed June 15, 1852; causes assigned.

1. That the action is wholly unauthorized by law.

2. That the complaint does not state facts sufficient to constitute a cause of action under the existing laws of this State.

3. For other defects apparent on the face of said complaint.

The demurrer overruled, and leave to answer on an affidavit of merits.

June 19, 1852, an answer filed which denies that defendant is unlawfully in possession of the tracts of land described in his complaint; denies that complainant was seized with the appurtenances in his demesne as of fee and of right, or that demandant has a fee-simple thereto within fifty years last past, or that he was seized and possessed of the same until the —— day of February, A. D. 1844. He further denies the unlawful entry averred in said complaint.

At a special term of the court, in March, 1853, jury and verdict: " We, the jury, on our oath find that the said Peter G.

Murray, demandant, hath the more right to have the said lands and tenements with the premises and appurtenances, rights and members thereunto belonging to him and to his heirs, as he hath in his said complaint demanded, than the said George Ellis, to hold the same as he now holdeth them, as he the said demandant, Peter G. Murray, by his aforesaid complaint hath supposed." The judgment was that he, "the said demandant, Peter G. Murray, do recover his seizin against the said defendant, George Ellis, of the lands and tenements aforesaid, with all and singular the premises and appurtenances, rights and members thereunto belonging, to have and to hold the same to him and his heirs, quit of the claim of him the said George Ellis, for ever." Also judgment for costs, and for a writ of seizin, &c.

The defendant asked the following instructions, namely: —

1. If they believe the defendant had possession of the land in controversy under color of title, claiming the same as against all the world, for the space of ten years next before the commencement of this suit, they must find for the defendant.

2. That if they believe the premises and lands in controversy were in the adverse possession of defendant for the space of seven years next before the commencement of this suit, they must find for demandant.

3. That it is incumbent on the demandant to prove actual seizin in himself, within the time limited by the statute of this State for commencing real actions.

Qualified by the court. The patent from the government of the United States, the entry by Lilly and deed from him and his wife to Murray, accompanied by possession in Murray, constitute actual seizin; and if such title and possession existed in the demandant, from 1835 to 1839, it is sufficient to establish actual seizin within the time limited by the statute of the State for commencing this action.

First and second instructions refused; third granted with the qualification.

A motion was made for a new trial, for the reasons: — 1, that the court ruled out defendant's testimony; 2, that the court refused the instructions asked by defendant; 3, that the verdict of the jury was contrary to law; and for other causes.

The motion overruled, and bill of exceptions taken, from which it appears that the demandant offered in evidence a patent from the United States government to Peter G. Murray, assignee of Franklin Lilly, for the east half of south-west quarter section five, township one, range three west, containing $82\frac{8}{100}$ acres; patent dated December 10, 1840. Said patent was objected to unless some conveyance of record from said Franklin Lilly to said Peter G. Murray, were shown. Objection overruled.

The demandant then offered the certificate of the register of the land-office at Jackson, of the entry by Franklin Lilly of the south-west quarter of south-east quarter section five, township one, range three west, containing $41\frac{8}{100}$ acres, on the 21st of September, 1832, being certificate No. 8,267, and also of the east half of south-west quarter, same section, containing $82\frac{2}{100}$ acres on the 8th of August, 1835, certificate No. 22,723. Demandant also offered a deed from Franklin Lilly and wife to Peter G. Murray, for the south-west quarter of south-east quarter section five, township one, range five east, containing $41\frac{8}{100}$ acres, for the consideration of $250. Deed dated September 29, 1835, duly acknowledged and recorded. Demandant also proved that he was in possession of the land in question from some time in 1835 to some time in 1836 or 1837, and on cross-examination the witness stated that demandant and William L. Murray lived together on the lands, and that demandant was off overseeing, but his family and home was at his residence on said lands. And demandant then proved that defendant was in possession from some time in 1839 till the trial, claiming it as his own. And on cross-examination the witness stated that it was generally considered that the lands belonged to William L. Murray, and that he claimed them, and did not know of Peter G. Murray's claiming them, and that said William L. was the son of demandant.

The defendant then offered to read a certified copy of the record of an unacknowledged and unproved deed from W. L. Murray to John W. Wiggins, for the land in question, dated October 15, 1836, for the consideration of $4,900, as recorded in Book I., pages 10 and 11, in the probate clerk's office in Co-

piah county, and in connection with said instrument, offered to prove that demandant had by his conduct and acknowledgment induced one John W. Wiggins to believe that said Wm. L. Murray had titles to said lands.

The defendant also offered a sheriff's deed from Thomas Holiday to George Ellis, for the land in question, reciting an execution from the Copiah circuit court, issued June 7, 1839, returnable the 1st Monday of November following, in favor of P. R. Taliaferro and T. B. Adams, Jr., for $1,815, with eight per cent. interest on $1,720.76, against Henry Hall, John W. Wiggins, T. J. Thompson, and S. B. Wiggins; a levy on the land as the property of John W. Wiggins; a sale on the 7th October, 1839, to George Ellis for $151, and deed made November 8, 1839. Also record of judgment of Taliaferro and Adams against Howcolt and Hatch, Henry Hall, and Wiggins and Thompson, in Copiah circuit court, on the 12th November, 1838, for $1,693.04. Execution issued January 21, 1839, on said judgment; levied March 14, 1839, on an acre of land of J. W. Wiggins; levied May 4, 1839, on a negro man named Jack, as the property of John W. Wiggins. "In this case, a forthcoming bond was taken on the 24th April, 1839, and forfeited the first Monday, the 6th day of May, 1839, and herewith returned. — Thos. Holiday, sheriff." Bond made by Hall, J. W. Wiggins, and Thompson, with Samuel B. Wiggins as surety, dated 24th April, 1839, recites the levy on Jack, and is conditioned for the delivery of the negro to the sheriff on the 4th of May, 1839, at 12 o'clock noon, it being the day appointed for the sale. At the foot of the bond is a memorandum signed by sheriff Holiday that this bond is forfeited the first Monday, the 6th day of May, 1839.

To the reading of which instrument, purporting to be signed by said W. L. Murray, demandant objected, because it was, if any thing, a mere copy, and because it was not, and could not be a record, as it never had, if such an instrument were signed by William L. Murray, been by him acknowledged, and was no evidence of title. He also objected to the testimony offered in connection therewith, that demandant had by his conduct and acknowledgments induced said Wiggins to believe that said William L. Murray had title. He also objected to the reading of

said sheriff's deed, execution, returns, and judgment, because there was no sufficient judgment to support said execution; and because, if there were, the proceedings showed that it was paid; and because the execution does not follow the judgment; and because the levy is void; and because the sale was made without authority; and because the sheriff's deed does not recite the parties to, or date of, said judgment; and because all this testimony of the defendant did not, and could not prove title out of demandant, and the court sustained the objections, ruled out the evidence, and the defendant excepted.

Defendant introduced Aaron Rials to prove that demandant had told him some time about the first of last November that he had no interest in the suit, and had not authorized it to be brought; to which testimony demandant objected, as not proving the issues. Whereupon defendant moved for leave to amend his pleadings so that it might be introduced; to which demandant objected also, and the court sustained both these objections, ruling out said testimony, and refusing such amendment.

The court overruled the motion for a new trial, and defendant excepted and sued out a writ of error to this court.

*Yerger* and *Anderson*, for appellant.

The demurrer should have been sustained.

The law is settled in England, that in real actions the seizin of the plaintiff must be distinctly alleged in the count, and also that where the action is barred by a statute, unless brought within a particular time, the seizin within that time must be averred.

Thus by the statute of Henry VIII., if the writ or action is brought on the seizin of the ancestor, it is barred in sixty years; if it is brought on the demandant's own seizin, it must be brought in thirty years; and if the count does not allege the seizin within the time limited, it is bad, and if judgment is rendered it will be reversed. Roscoe on Real Actions, p. 177; 26 Law Lib., where Roscoe on Real Actions is found; 2 Cro. James, 293; Yelverton, 211.

Chief Baron Comyns also lays down such to be the law. 7 Comyn's Dig. Temp. G. 1 b.

Ellis *v.* Murray.

In real actions, or, if the petition in this case is filed to re-cover the right, the entry being barred, if it lies at all, he must allege in the count his seizin within the time prescribed, and must prove seizin within the time prescribed, because the defendant need not plead the statute. Jackson on Real Actions, 157.

In this case the demandant alleges seizin in himself within years. In fact, he affirmatively shows he had no seizin within seven years next before bringing his suit, for he alleges defendant went into possession in February, 1844, and the petition, although it avers he had right and title within fifty years, nowhere alleges he was seized within seven years.

This brings us to the question, then, whether a real action is barred within seven years.

The act of 1844, sec. 1, is explicit; it says, "every action, real, possessory, or mixed, or other action for lands, shall be commenced within seven years," &c.

This would seem to embrace every action of every kind, in whatever form commenced, whether by a formal writ or petition.

The language of this section is similar to that of Henry VIII.

It says, no person shall have, or sue, &c., upon his ancestor's seizin, or upon his own seizin, &c., above thirty years next before the test of the writ, &c. See Roscoe on Real Actions, p. 10, where the statute is cited.

Now, as by the rules of the common law, where a real action is brought, it is of the essence of the action that seizin be alleged, so when the action is barred within a given period from the test of the writ, the count must allege he was seized within the time prescribed by the statute.

In this view of the case, the demurrer should have been sustained.

Where issue is joined upon the mere right, as in this case, if the plaintiff is barred by the act of limitations, he cannot recover. 10 Mass. Rep. 281; Jackson on Real Actions, 157.

Where issue is joined on the mere right, every thing may be given in evidence under it, except a collateral warranty. Roscoe on Real Actions, p. 215; Booth on Real Actions, 111, n. a.;

Stearns on Real Actions, 365; Angell on Lim. 364; 7 Cowen, Rep. 51.

The court will observe that all possessory or real actions are barred. A petition to recover upon the seizin and title of the party, is a real action. A petition to recover possession, is a possessory action. But the statute applies to all actions whatever. A motion would be an action. A petition is an action; consequently the recovery of the land, when sought for by petition, is barred.

See also the following authorities. Co. Litt. 158; 2 Blk. 346; 7 Cowen, 51.

But call this proceeding what you may, the proof shows the defendant held adversary possession for more than seven years, and, consequently, that the plaintiff cannot recover.

The petition alleges a seizin of the demandant, and an ouster or disseisin. The answer denies this seizin. This denial of the seizin is, at common law, the general issue on a writ of right. Jackson on Real Actions, 156.

Under this general issue, every thing may be given in evidence. The defendant is not required to plead the statute of limitations. The law is thus laid down: " The seizin on the part of the demandant must be proved to have been within the time prescribed by the statute of limitations, as the tenant is not required to plead the statute specially." Jackson on Real Actions, 157.

It follows, therefore, from this authority, if the demandant claims right upon his seizin, he must allege in his count a seizin within the time prescribed. If he does not allege such seizin within the time, it follows, that a demurrer lies, or, if no demurrer is put in, judgment will be arrested.

The case in Cro. James, 293, and in Yelverton, judgment was reversed because the count did not show a taking of the esplees or seizin within the time prescribed. Cro. James, 293.

If the real action, or all actions are barred in seven years, then the charge of the court is erroneous. The court charged seven years adverse possession would not bar the action. It is explicitly barred by the first section of the act. And as the statute of limitations need not be pleaded, but on the trial the plain-

Ellis *v.* Murray.

tiff must prove his seizin within seven years, which he did not do, it follows, that the judgment must be reversed.   Jackson on Real Actions, 157.

But again, by the act of 1844, when the right of entry is barred, the action also is barred by the express language of the act.   Now the plaint or count of the complaint alleges on its face, that his right of entry is barred.   If this is barred, he can only count upon his seizin, and as all real actions are barred, the foundation of the real action, namely, the title in fee and seizin, it is necessarily, and by the express language of the statute, barred also.

We have examined the above, upon the supposition that real actions, with all their complicated machinery, still exist.   The complaint, as set forth, is substantially and in form, a writ of right, or a writ of entry in the nature of an issue, in which the demandant relies on his own seizin, &c.   Jackson on Real Actions, 4, 5, 12, 13, 15.

As to form, &c.   Jackson on Real Actions, 277.

But real actions and the forms of all actions at common law are abolished by the act of 1850, and the only action now used and in force, is the petition.   Act of 1850, p. 57, 58.

In pleading, the party must state plainly his cause of action. If he can still state his cause of action, as in a real action at common law, that is, merely allege his seizin, then, as at common law, he must necessarily allege his seizin within the time prescribed by the statute of limitations.   If the real action, or if all actions are barred in seven years, then his seizin within that time must be alleged and proved.

But we contend the act of 1850 requires him to set out his title.   He must state how he claims by patent, conveyances, &c. The second section of the statute says, the petition " shall contain a statement of the facts constituting the cause of action, in ordinary and concise language."

An averment that he was at one time, or within fifty years, seized in his demesne as of fee, is not such a statement.

He must, under this statute, as in a bill in equity, set out his title.   If it is by a patent or grant to him, he must set it out; if he complains by mesne conveyances from the patentee, he

12*

must allege that fact. The act requires the facts constituting his title to be set out.

By the third section, if the complaint does not set out or state facts sufficient to constitute a cause of action, a demurrer lies. The complaint here, on its face, does not set out the facts which constitute his right, or cause of action. But the complaint, also, on its face, shows he has no cause of action, because it distinctly avers his right to the possession of the land is barred. If his right to the possession is barred, he cannot recover it under the act of 1844.

Again, if in a petition the pleading facts as at common law is allowed, then the seizin must, as before stated, be averred within the time.

And again, when the seizin or right is denied in the answers, then, as at common law, the statute of limitations bars the right under the issue, without being specially pleaded. Jackson on Real Actions, before cited.

If the pleading of the plaintiff in this case is good, under our statute, by merely alleging his seizin, &c., without setting out his title, then our pleading and denying his seizin is good also. And under this pleading, whenever the seizin is in issue, the demandant must prove this seizin within the time prescribed by the act of limitations.

Thus, " when the seizin is put in issue, it is obvious that the demandant has the affirmative on that point, and if he cannot prove the seizin within the time of limitation, he will fail in the action." Jackson on Real Actions, 290.

*H. T. Ellett,* for appellee.
1. The demurrer to the complaint was properly overruled. The writ of right is a well-known common law action, and exists in this State, unless abolished by statute. But instead of being abolished, it is expressly recognized as an existing remedy. Hutch. Code, 615, § 4; Ib. 816, § 18. *Cumming* v. *Kilpatrick,* 23 Miss. 119. It lies after the right of possession is barred by the statute of limitations. 3 Black. Com. 193–195. The complaint contains a plain statement of the facts constituting the cause of action, and is perfectly good under the act

of 1850, which regulates all actions.    Acts of 1850, p. 57.    The writ is changed to a summons.    See Stearns on Real Actions, 338.

2. The instructions asked by defendant were properly refused or qualified.    Those relating to the statute of limitations were properly refused under the pleadings.    The answer merely denies the facts alleged in the complaint, and does not set up the statute of limitations as a defence.    The act of 1850, section four, requires the defendant to set out every defence relied upon, specially and separately, in his answer.    This not being done in this case, the defendant was of course precluded from setting it up.

But the first instruction asked was clearly not law.    We have no statute limiting claims for land to ten years, otherwise now by the act of 1854, except the third section of the act of 1844, the limitations of which commence to run from its passage, Code, 832, § 18, and this suit was brought in 1851.    The instruction assumed that ten years' possession before the commencement of the suit, though three years of the time must have elapsed before the act was passed, would be a bar.    It cannot be necessary to argue this.

The refusal of the second instruction was no injury to the defendant, for it requires, in the case supposed, a verdict for " demandant."    If " defendant " was intended instead of " demandant," then it is not true that seven years will bar a writ of right.

By the act of 1822, § 1, p. 824, " every real, possessory, ancestral, mixed, or other action, for any lands," was barred in twenty years.    It was perhaps doubtful whether this did not conflict with the third section, which saved the right of the owner for fifty years.    But the first section of the act of 1844, p. 829, omits the word " real," and bars only " every possessory, ancestral, mixed, or other action," in seven years.    Real actions, being higher in dignity, are not included in this section, upon the familiar principle, that a statute which treats of things or persons of an inferior rank, cannot, by any general words, be extended to those of a superior.    1 Black. Com. 88, (Tucker's).

Ten years, then, under the third section of the act of 1844, is

the limitation of this real action, brought upon the mere right. The saving of the usual disabilities, shows by express language that some action was intended to be allowed after seven years, and within ten years; and as all possessory actions are barred in seven, the real action must be limited in ten. *Taylor* v. *Rightmire*, 8 Leigh, 475.

The third instruction was correctly qualified to explain what is meant by "actual seizin." Where lands are granted by patent, livery of seizin is never necessary. Stearns on Real Actions, 340. And by our statute, every estate in land granted, conveyed, or devised, is a fee-simple if a less estate be not limited by express words. Code, 609, § 23; *Ward* v. *Fuller*, 15 Pick. 189, 191; *Green* v. *Liter*, 8 Cranch, 229; Cond. Rep. 103.

3. The evidence offered by defendant was correctly ruled out. The demandant proved a legal title from the government to himself, and full seizin of the land.

*Morehead*, on the same side.

Mr. Justice HANDY delivered the opinion of the court.

This was an action in the nature of a writ of right, in the Copiah circuit court, under the statute of 1850, in relation to pleadings in actions at law.

The complaint alleges, that the defendant (now the plaintiff in error) was unlawfully in possession of the tract of land in controversy, of which the demandant was seized in fee, and to which he claims that he had the right and title in fee-simple within fifty years past, and until the defendant entered and unlawfully took possession, demanding judgment and the writ of seizin and possession.

The defendant demurred to this complaint, but the demurrer was overruled. He then answered, denying generally the right and seizin of the demandant as alleged in the complaint, and the unlawful entry of the defendant. And on the trial, the verdict and judgment were for the demandant, and the case is brought here by the defendant on writ of error.

The merits of this case depend upon the construction to be

given to the statute of limitations of 1844. The action was instituted on the 1st day of December, 1851, and it was contended on the part of the demandant, that it was embraced by the third section of that act, and was not barred until the lapse of ten years from the passage of the act. On the contrary, the defendant insisted that it was covered by the first section of that statute, and was barred after the lapse of seven years, and asked the following instruction, which was refused, "That if the jury believe the premises and lands in controversy were in the adverse possession of defendant for the space of seven years next before the commencement of this suit, they must find for the defendant." And this presents the only question necessary to be considered.

It is, in the first place, insisted in behalf of the defendant in error, that this instruction was properly refused because the defendant did not rely upon the statute of limitations in his answer, and was, therefore, not entitled to the benefit of that defence; that under the act of 1850, in relation to pleadings in actions at law, the defendant is not entitled to make any defence except that specially set up in his answer.

Assuming this action to be in the nature of a writ of right, it must be subject to the fundamental rules governing such an action at common law, for the act of 1850 did not intend to dispense with the proof of what was absolutely necessary in showing the demandant's title and right to recover. Under the rules appertaining to actions of this kind at common law, it was incumbent on the demandant to prove his seizin within the time limited by law, and failing to do so, he could not recover, because it was the foundation of his title. Jackson on Real Actions, 290. The defendant was, therefore, not required to plead the statute of limitations, and where the seizin was denied, the demandant was bound to prove it within the time prescribed. Stearns on Real Actions, 241 ; Jackson on Real Actions, 157.

The defence was, therefore, allowable in this case under the general denial of seizin in the answer; and then the question arises, By what period of time was the action barred under the statute of 1844 ?

The first section of that act provides that from and after its

passage, " every possessory, ancestral, mixed, or other action for any lands, tenements, or hereditaments or lease for a term of years, shall be commenced within seven years next after the right or title thereto or cause of such action accrued, and not after." Hutch. Dig. 829.

It is contended, in behalf of the defendant in error, that this action is not embraced in this section, because it is a real action which was expressly mentioned in the first section of the act of 1822, Hutch. Dig. 824, but is omitted by name in the first section of the act of 1844. That it cannot be included within the general words " other action " in the latter statute, because it is an action of higher dignity than those enumerated in that statute, and cannot, therefore, be included under the general words. But it is contended to be embraced in the third section of the statute of 1844, establishing the period of ten years actual adverse possession, as vesting a full and complete right and title to lands so held, and also as constituting a bar to all claims made or actions commenced for the same.

We do not think that this view is supported by the spirit and intention of the statute, as indicated by the terms employed and the general policy of the statute.

In the first place, though it is generally true that a statute which treats of things or persons of an inferior degree cannot, by any general words, be extended to those of a superior degree, yet when all those of an inferior degree are embraced by the express words used, and there are still general words, they must be applied to things of a higher degree than those enumerated; for otherwise there would be nothing for the general words to operate upon, and effect could not be given to all the words. Dwarris on Stat. 758. Here there are no inferior actions to those embraced in the words " possessory, ancestral, or mixed actions," except, perhaps, the proceeding of unlawful detainer, or forcible entry and detainer, the limitation to which is regulated by another statute; and unless the words " other action" embrace those of a higher degree than those enumerated, they become nugatory; and a construction producing such a result ·cannot be given, upon well settled and familiar principles.

We may, then, well presume that in the act of 1844 the legis-
lature omitted the word "real," as specifying a particular kind
of action, because it would be embraced in the general words
employed in the act.

We think that the terms of the statute clearly show that all
actions for the recovery either of the land itself or of the posses-
sion and damages, were intended to be embraced. The words
are, "that every possessory, ancestral, mixed, or other action,
for any lands, tenements, or hereditaments, or lease for a term,
&c., shall be commenced within seven years next after the right
or title thereto, or cause of such action accrued," &c. The
right is thus secured to a party sued, to defend any action
brought for the recovery of land, or the possession of it, upon
the ground that the action was not commenced within seven
years next after the right or title to the land or the cause of
action accrued.

The object of the third section of the statute was something
further. By its terms, an actual adverse possession of ten
years " vests a full and complete title to the land in the pos-
sessor; " and a party having had such possession might sue for
the recovery of it at any time within the period limited in the
first section, without further evidence of his title than that he
had had ten years actual adverse possession. This provision
was intended to secure a right of property by the possession of
ten years; the first section was only intended to fix a period of
limitation for bringing an action after the right was disturbed.
The former applies to parties suing; the latter, only to defend-
ants.

This view is shown to be correct by reference to the statute
of 1822; for the first section of that act confessedly embraces
actions like this by the use of the term "real" action; yet the
third section of that act contains the same provisions as the
third section of the act of 1844. It could not be pretended that
the third section of the act of 1822 would have fixed the period
to bar the writ of right; for such was not its object, that bar
being fixed by the first section. So it was not the object of
the third section of the act of 1844 to fix a period to bar actions.
That section was intended to have the same effect as the third

section of the act of 1822, and no more, and the only change made or intended was in the time prescribed, and to fix it at ten instead of fifty years.

We are of opinion that the court erred in refusing the instruction, and the judgment is therefore reversed, and the cause remanded for a new trial.

A petition for a reargument was filed by the counsel for appellee, but the court refused to grant a reargument.