STATE *v.* RUSSELL *et al.*

(In Banc.. April 3, 1939.)

[187 So. 540. No. 33224.]

Russell Wright, Assistant Attorney-General, for the State.

Chalmers Potter, of Jackson, for appellee.

**McGowen, J.,** delivered the opinion of the court.

The appellees, Mose Russell and Sheffield Bridgewater, were indicted for a conspiracy to defraud the State of Mississippi of its title, use, and possession of certain tax forfeited public lands. The appellees' demurrer to this indictment was sustained by the lower court. From that order, the state appeals.

The substance of the indictment, omitting the formal parts and eliminating the recitals of many overt acts alleged therein, charged the appellees "with felonious intent on their part, and each of them, to defraud the State of Mississippi out of the State's possession, use and title to large tracts of the tax forfeited public lands of the State of Mississippi, in contravention of the laws of the State of Mississippi, did then and there unlawfully, wilfully, knowingly, fraudulently and feloniously conspire, combine, confederate and agree among themselves, and each of them with the other, and did then and there en-

ter into an unlawful conspiracy, artifice, plan and design among themselves, and each with the other, to defraud the State of Mississippi out of said State's possession, use and title to more than one quarter section of the tax forfeited public lands of the State of Mississippi by the illegal purchase through fraud, false misrepresentations and subterfuge for Russell Investment Corporation, a corporation of the State of Louisiana, whose sole business was not that of cutting and marketing lumber, of more than one quarter section of the tax forfeited public lands of the State of Mississippi in the year 1936.''

It was then charged in substance that the appellees, by the use of the names of individual persons, procured state patents to more than a quarter section of the tax forfeited land. The patents contained the names of persons as applicants, with the total amount of acreage in all said patents aggregating more than a quarter section ostensibly for the benefit of the persons named in the patents, but, in reality, they purchased for the Russell Investment Corporation, and the patentees named in the land commissioners patent never actually applied for, or paid, the purchase price of the lands patented, nor actually received the patents, but these individuals did execute deeds for the lands so obtained to the Russell Investment Corporation.

The indictment appears to have been drawn under section 833, of the Code of 1930, which section, together with sections 831 and 832, constitutes chapter 97 of the Laws of 1930. Said chapter is as follows:

''An Act to prohibit agreements or conspiracies to defraud the public revenues, and to provide punishment for the violation of the provisions of this act.

''Agreements or conspiracies to defraud the public revenues prohibited.

''Section 1. Be it enacted by the Legislature of the State of Mississippi, That if any person shall enter into any agreement, combination or conspiracy to defraud the State of Mississippi, or any department or political sub-

division thereof, by obtaining or aiding to obtain the payment or allowance from the public funds of the State, or of any department or political subdivision thereof, of any false or fraudulent claim, he shall be subject to indictment therefor, and upon conviction thereof, shall be imprisoned in the State Penitentiary for a term not to exceed five years, or shall be punished by a fine not to exceed $1000, or by imprisonment in the county jail for a term of not more than six months, or by both such fine and imprisonment, within the discretion of the Court. "Penalty.

"Sec. 2. If any person, with intent to defraud the State of Mississipi, or any department or political subdivision thereof, shall enter into any agreement, combination or conspiracy to defeat, by any unlawful or fraudulent means, the payment of any just claim or penalty due the State of Mississippi, or any department or political sub-division thereof, or to prevent, by any unlawful or fraudulent means, the prosecution of suit for the proper enforcement of any such claim or penalty, *or to defraud the State of Mississippi or any department or political sub-division thereof, in any manner, or for any purpose* [italics ours], he shall be guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the State Penitentiary for a term not to exceed five years, or by imprisonment in the county jail for not more than six months, or by fine of not more than $1000, or by both such imprisonment and fine, within the discretion of the Court.

"Penalty to conspire to defeat payment of claim due state.

"Sec. 3. If two or more persons, with intent to defraud the State of Mississippi, or any department or political subdivision thereof, shall conspire to defeat by any unlawful or fraudulent means, the payment of any just claim or penalty due the State of Mississippi, or any department or politcal subdivision thereof, or shall conspire to prevent by any unlawful or fraudulent means,

the prosecution of suit for the proper enforcement of any such claim or penalty, or *shall conspire to defraud the State of Mississippi, or any department or political subdivision thereof, in any manner, or for any purpose* [italics ours], and one or more of such parties shall do any act to effect the object of the conspiracy each of the parties to such conspiracy shall be guilty of a felony, and upon conviction thereof shall be punished as provided in Section 2 of this Act.''

In connection with this applicable statute as to a felony we deem it proper to call attention to the section immediately preceding this chapter inserted in the Code, wherein in part is the following:

"830.   Conspiracy.—If two or more persons conspire either:

"(1)    *    *    *

"(2)    *    *    *

"(3)    *    *    *

"(4)    *    *    *

"(5)    *    *    *

"(6)    *    *    *

"(7)    To accomplish any unlawful purpose, or a lawful purpose by any unlawful means.

"Such persons, and each of them, shall be guilty of a misdemeanor, and, on conviction, shall be fined not less than twenty-five dollars, or shall be imprisoned not less than one month or more than six months, or both.''

The demurrer of the appellees was to the effect that the words of general import found in Section 833 and italicized by us, ''or shall conspire to defraud the state of Mississippi  .  .  .  in any manner, or for any purpose,  .  .  .  [he] shall be guilty of a felony,'' will be limited by the words of restricted import immediately preceding them and take their meaning therefrom. In other words, the doctrine, ejusdem generis, applies.

Section 1 of the Act, Code sec. 831, denounces conspiracy to defraud the state by obtaining or aiding to obtain a payment or allowance from the public funds

of any false or fraudulent claim. Section 2 denounces a conspiracy to defeat by unlawful or fraudulent means the payment of any just claim to the state or to prevent by unlawful and fraudulent means the prosecution of any suit for the proper enforcement of such claim. Section 3 seems to be almost, if not quite, in the same language as Section 2. Each of the two sections denounces as a felony certain specific acts, which are followed by the general language, "in any manner or for any purpose". Criminal statutes are construed and all statutes are construed, if possible, so as to give meaning to every word and clause therein.

It will be observed at once that the general language under which this indictment is sought to be upheld is sufficient to include all the specific acts denounced as a conspiracy in the language immediately preceding the broad language in the section and in the two preceding sections, so that it is perfectly obvious that we cannot attribute folly and vain, meaningless, and unnecessary repetition to the legislature if the legislature intended by the broad language that this phrase should be construed to include that which had preceded it, as well as conspiracies of every kind and character to defraud the state. This specific language is, "shall conspire to defeat by any unlawful or fraudulent means, the payment of any just claim or penalty due the State of Mississippi." This indictment does not charge that the appellees conspired to defraud the State of Mississippi of any just claim or the payment of any just claim; in fact, the indictment shows on its face that the pleader did not charge that the individuals in whose name Bridgewater and Russell procured patents did not pay the state every cent that was due under the law for the land so procured.

The indictment herein charged the appellees with obtaining title to lands for a corporation in violation of the public policy of the state as exemplified by section 6027, Code of 1930, the substance of which is as follows: "Nei-

ther a corporation nor a nonresident alien, nor any association of persons composed in whole or in part of non-resident aliens, shall, directly or indirectly, purchase or become the owner of any of the public lands; and every patent issued in contravention hereof shall be void; but a corporation whose sole business is that of cutting and marketing lumber is not within the prohibition''.

These individuals for themselves could have bought the public lands, but they could not conspire to acquire the title thereto for a designated class of corporations.

It is therefore plain that this corporation as described in the indictment could not purchase or become the owner of these public lands. Purchasing or becoming the owner of these public lands was not defeating the payment of any just claim or penalty due the state. At the time the title of these lands was procured, as alleged in the indictment, the state, as we have said before, having received the stipulated price, there was no claim therefor due or pending when this conspiracy was formed. The doctrine that where specific language is used in a statute and such words of special import are followed by words of general import, then these words are limited to the words of restricted import immediately preceding and relating to the same subject applies to this indictment not predicated upon the specific language but is upon the general language.

The facts alleged by the pleader herein do not partake in any degree of attempting to obtain money from the state, or to defeat the state from the collection of any just claim due the state.

''By the rule of construction known as 'ejusdem generis,' where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated, and this rule has been held especially applicable to penal statutes.'' See 59 C. J. 980 and 981, 25 R. C. L. 996.

This time honored rule has been fully recognized and

adopted in this state in the following language: "It is a well-settled rule of construction that where special words are used, and they are followed by words of more general import, the general words are to be limited to matters ejusdem generis with the special words, unless an intention may be found to extend their meaning. This rule, of course, excludes the suggestion that the mere use of general words is sufficient to indicate a purpose to include matters not ejusdem generis." Leinkauf & Strauss v. Barnes. 66 Miss. 207, 5 So. 402, 404. See, also, Greenville Ice & Coal Company v. Greenville, 69 Miss. 86, 10 So. 574. Anderson v. Hattiesburg, 131 Miss. 216, 94 So. 163.

However, we have considered the case of Gates v. Chandler, 174 Miss. 815, 165 So. 442, 443, and especially the following language therein as to the rule, ejusdem generis: "This rule is that 'where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated.' 59 C. J. 981. Like all other rules of construction, this rule is simply an aid invoked by the courts in determining the intent with which words are used and should not be applied when so to do would defeat the purpose sought to be accomplished by the use of the words, the meaning of which is under consideration. It has no application 'where the specific words embrace all objects of their class, so that the general words must bear a different meaning from the specific words or be meaningless.' 59 C. J. 983. Ellis v. Murray, 28 Miss. 129."

The question then propounded is, do the specific words embrace all objects of their class? We think not.

As illustrative—two or more persons might conspire with the tax assessor to undervalue certain lands before they had become assessed and before the taxes became due thereon to the state, or two or more persons might conspire to buy the state agricultural products from the

state penitentiary. One such person being insolvent issues a check which is worthless and immediately conveys to the other, and, that person immediately ships the property from the state. Then on an indictment for conspiracy these things would not be within the specific language or its fair import used in this statute, but would be in that class of things condemned in the specific language; so that we are of opinion that the rule ejusdem generis must be applied to the statute and the legislature did not intend to raise the offense to a felony generally and broadly, but only by the general language intended to include therein such things as were of the same general nature as the things specifically set forth.

Any other construction leads to the conclusion that with subsection (7) of section 830 not repealed, not referred to in the three succeeding sections must be the statute applicable to the indictment here. Likewise, it is clear that the legislature intended to include those persons and things who conspired to obtain the *payment* of a claim or to prevent the payment of a claim against the state or a subdivision thereof with persons and things of the same general nature.

The statute here invoked was designed to protect the public revenue from assault, while subsection (7), supra, was left to cover that class of persons and things not of that general nature delineated in secs. 831, 832, and 833.

We cannot rewrite, by construction, this criminal statute so as to include the felony charged in this indictment.

We think, however, that the court should not have sustained the demurrer on the ground that the allegations of the indictment are quite sufficient to be embraced within the terms of Subsection (7) of section 830, and that the use of the word ''feloniously'' therein is mere surplusage. Then, for that reason, the order of the court below should have been that the demurrer be overruled. We have deemed it necessary, however, to consider the indictment as one for felony in order that the court be-

low might not undertake to put these appellees upon a trial as for felony, but as far as this indictment is concerned, they may be put upon trial as for a misdemeanor. It is suggested to us that there is an indictment pending in the lower court, but so far as that is concerned, of course the court will not put the appellees on trial for the same offense.

Reversed and remanded.