# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CT-01186-SCT

*TOOLPUSHERS SUPPLY CO.*

*v.*

*MISSISSIPPI DEPARTMENT OF REVENUE*

## <u>ON WRIT OF CERTIORARI</u>

| | |
|---|---|
| DATE OF JUDGMENT: | 09/23/2021 |
| TRIAL JUDGE: | HON. CRYSTAL WISE MARTIN |
| TRIAL COURT ATTORNEYS: | C. TED SANDERSON, JR. |
| | JUSTIN PERRY WARREN |
| | JOHN STEWART STRINGER |
| | BRIDGETTE TRENETTE THOMAS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | C. TED SANDERSON, JR. |
| ATTORNEYS FOR APPELLEE: | JOHN STEWART STRINGER |
| | BRIDGETTE TRENETTE THOMAS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 02/22/2024 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     This appeal is before us on certiorari review.  To be clear, the Court of Appeals reached the right result.  That court unanimously affirmed the decision of the chancery court, which granted summary judgment to the Mississippi Department of Revenue (MDOR) in Toolpushers Supply Co.'s tax-decision appeal.

¶2.     In making its ruling, the chancery court applied the correct standard of review—namely, the de novo standard set forth in Mississippi Code Section 27-77-7 (Rev.

2017) as amended in 2015.[1] But in affirming the chancery court's ruling, the Court of Appeals discussed and relied on the now-obsolete discretionary standard of review from the pre-2015 version of Section 27-77-7.

¶3. We granted Toolpushers' petition for writ of certiorari solely to clarify that the new de novo standard applies. In doing so, we reject Toolpushers' contention that the Court of Appeals' citing the wrong standard of review requires that we reverse the *chancery court's* decision. Again, the chancery court applied the correct standard. And after review, we agree with the chancery court that the MDOR was entitled to summary judgment.

### Background Facts & Procedural History

¶4. Wyoming-based Toolpushers has a retail location in Laurel, Mississippi, that sells supplies and items used in the oil-and-gas industry.

¶5. In 2016, the MDOR audited Toolpushers' sales from April 1, 2013, to June 30, 2016. From this audit, the MDOR concluded that Toolpushers owed an additional $124,728 (including interest and penalties) based on the failure to remit sales tax on certain sales. While Toolpushers considered these sales wholesale and thus tax-exempt, the MDOR determined they did not qualify as wholesale. That is because the items were sold to oilfield service producers that *consumed* the products for their own use, rather than reselling them at retail. So Toolpushers was required to collect sales tax when it sold them.

---

[1] The chancellor further acknowledged this Court's 2021 ruling that the directive in Section 27-77-7 to defer to the taxing agency's statutory interpretation violates the principle of separation of powers and thus is unenforceable. ***HWCC-Tunica, Inc. v. Miss. Dep't of Revenue***, 296 So. 3d 668, 677 (Miss. 2020).

¶6. Toolpushers appealed the $124,728 assessment to the MDOR's Board of Review, which affirmed. The Board of Review concluded the documentary evidence Toolpushers supplied showed the purchasers were clearly consumers—and not retailers—of the products, regardless of these purchasers' holding sales-tax permits. Toolpushers further appealed to the Mississippi Board of Tax Appeals, which likewise affirmed. Specifically, the Board of Tax Appeals found Toolpushers could not meet the first statutory requirement of a wholesale sale—that the seller exercise good faith in determining sales were to retailers that regularly sell the products. Miss. Code Ann. § 27-65-5(1) (Rev. 2017).

¶7. Toolpushers then appealed to the Hinds County Chancery Court, First Judicial District, as permitted by Section 27-77-7. Both Toolpushers and the MDOR sought summary judgment. The chancellor denied Toolpushers' motion and granted the MDOR's. Undisputedly, Toolpushers merely relied on the purchaser's presentation of its sales-tax permit under Mississippi Code Section 27-65-27 (Rev. 2017) without taking any further good-faith steps to confirm the purchaser was in fact a retailer that regularly resold the purchased products. Because sales to businesses with Section 27-65-27 permits do not *automatically* qualify as wholesale sales—instead, wholesale sales must be made in good faith to purchasers who regularly sell the products—the chancery court determined Toolpushers could not establish its claim that the sales were wholesale.

¶8. Toolpushers appealed to this Court. And we assigned the appeal to the Court of Appeals. Once again, the tax assessment was affirmed. ***Toolpushers Supply Co. v. Miss. Dep't of Revenue***, No. 2021-SA-01186-COA, 2023 WL 3833286 (Miss. Ct. App. June 6,

2023). As a last resort, Toolpushers petitioned this Court for certiorari review. While Toolpushers requested we review several issues, we granted the petition to address only one claim—that the Court of Appeals cited and relied on the incorrect standard for court review of Board of Tax Appeals decisions. *See* Miss. R. App. P. 17(h) ("The Supreme Court may limit the question on [certiorari] review.").

**Discussion**

¶9.     Toolpushers' appeal of the BTA decision was governed by statute—namely, Mississippi Code Section 27-77-7. In 2015, this statute was amended. H.B. 799, Reg. Sess., 2014 Miss. Laws ch. 476, § 17 (effective Jan. 1, 2015). Before the amendment, the statute somewhat confusingly directed the chancery court to give deference to the agency decision while trying the case de novo and conducting a full evidentiary hearing. Miss. Code Ann. § 27-77-7(4) (Rev. 2005). But post-amendment, the statute makes clear that "the chancery court shall give *no deference* to the decision of the Board of Tax Appeals, the Board of Review[,] or the Department of Revenue" when "try[ing] the case de novo and conduct[ing] a full evidentiary judicial hearing on all factual and legal issues raised by the taxpayer . . . ." Miss. Code Ann. § 27-77-7(5) (Rev. 2017). Further, this Court has been clear that the provision in amended Section 27-77-7(5)—directing the chancery court to defer to the taxing agency's interpretation of tax statutes—is an unenforceable encroachment on the separation of powers and the judiciary's role to interpret the law. *HWCC-Tunica, Inc.*, 296 So. 3d at 677. Instead, our courts review any statutory-interpretation issue de novo. *Id.* at 678. So the court's standard of review of a tax appeal is de novo.

4

¶10. We emphasize this because the Court of Appeals' decision discussed and applied caselaw addressing the *pre*-2015 version of Section 27-65-77, seemingly giving deference to the MDOR's tax decision. ***Toolpushers Supply Co.***, 2023 WL 3833286, at **2-3 (discussing ***Equifax Inc. v. Miss. Dep't of Revenue***, 125 So. 3d 36, 41 (Miss. 2013)). This was error.

¶11. But contrary to Toolpushers' assertion, it was not *reversible* error.

¶12. The Court of Appeals affirmed the chancery court's decision. And the chancery court cited and applied the proper de novo standard of review from amended Section 27-77-7(5) and our decision in ***HWCC-Tunica, Inc.***, 296 So. 3d at 677.

¶13. Moreover, the chancery court properly granted the MDOR summary judgment. Through its audit, the MDOR determined certain wholesale sales Toolpushers made were not in fact "wholesale sales." Under Section 27-65-5(1), "'[w]holesale sales' shall apply to . . . [a] sale of [taxable] tangible personal property . . . for resale in the regular line of business, when made in good faith to a retailer regularly selling or renting that property and when the dealer is licensed under Section 27-65-27 of this chapter if located in this state." Based on a plain reading of this statute, a wholesale sale has two requirements—(1) the wholesale sale must be made in good faith to a retailer regularly selling or renting that property, *and* (2) the wholesale sale must be made to a dealer licensed under Section 27-65-27.

¶14. Toolpushers' only evidence to support its contention that the sales in question were wholesale was the fact the businesses Toolpushers sold to had licenses under Section 27-65-

27. While this supports the *second* requirement for a wholesale sale, we agree with the chancellor that this evidence fails to create a fact issue on the first requirement of good faith. If, as Toolpushers argues, checking to see if the purchaser had a permit was sufficient in and of itself to establish a wholesale sale, then the *separate* and *additional* requirement that the wholesale sale be made in good faith to a retailer regularly selling or renting property would be rendered meaningless. But statutes "should be construed so as to give effect to all of their provisions, so far as that is possible." ***Pinkton v. State***, 481 So. 2d 306, 310 (Miss. 1985) (citing ***Miss. Pub. Serv. Comm'n v. City of Jackson,*** 328 So. 2d 656, 658 (Miss. 1976); ***Morgan v. State ex rel. Dist. Att'y***, 208 Miss. 185, 197, 44 So. 2d 45, 49 (1950); ***State v. Russell***, 185 Miss. 13, 21, 187 So. 540, 542 (1939)). And here, the chancery court's interpretation—that Section 27-65-5(1) required that Toolpushers show more than the simple fact the purchasers had licenses to establish good faith—gave effect to both provisions for a wholesale sale.

¶15. For this reason, we affirm the decisions of the Court of Appeals and the chancery court, which in turn affirmed the MDOR's tax decision.

¶16. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**