# City of Lexington et al. v. Edgerton et al.

May 2, 1941.

As Modified on Rehearing Oct. 10, 1941.

As Modified and Extended on Further Rehearing Feb. 27, 1942.

Wm. A. Minihan for appellants.

Hunt, Bush & Lisle for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellants, defendants below, are the officers charged with enforcement of city ordinances. Appellees, plaintiffs below, are Edgerton, trading under the name of Edgerton Cigarette Service Company, and Harmon, owner of a restaurant.

Harmon, under contract with the company, had installed in his place a cigarette vending machine; the company would periodically fill the various receptacles with packages of cigarettes, Harmon receiving from the company a commission on sales from the machine. The modus operandi was simple. The purchaser would deposit coins representing the price of his choice in a slot, press a lever, the package dropped into a trough.

In August the license inspector demanded of Harmon a license fee fixed by ordinance; he declined to pay and the inspector procured a warrant for his arrest; Harmon and the company sought to enjoin prosecution. The essential part of the ordinance reads:

"Every person operating or permitting to be operated on his premises in the city a slot machine of any description not provided by law, into which are dropped or deposited nickels or coins of any denomination, except pennies, for the purpose of oper-

ating musical, gaming or weighing machines, or any other device that operates on the coin-in-the-slot *principal* used for gain, except pay telephones, shall pay a license tax of $5.00 for each such machine.''

''For such machine into which are dropped pennies the license tax shall be $1.00.''

Other sections provided for stickers to be attached to the machine showing payment of license, and empowered the inspector to give notice of non-compliance, and if not met with payment to hold the machine until compliance. It is not stated in the ordinance exhibited, but pleaded, that the general ordinance provides a penalty for each violation. It was alleged that the company installed the machines in two ways; in some places so as to be accessible to the public; in other so that the customer handed coins to a clerk, who made the deposit, operated the lever and delivered the package to the customer. Harmon is not in the latter class.

The chancellor overruled defendants' demurrer, and the city declining to plead, judgment was entered enjoining the authorities from interfering with the operation of the machine on Harmon's property. From this order appeal is prosecuted, and appellees contend:

(1) That the ordinance is not so framed as to include the licensing of the use of slot machines for vending cigarettes, bringing into the discussion the application of the doctrine of ejusdem generis. Also that under the city's charter power such ordinance could not be legally passed.

(2) A license tax cannot be levied upon a machine, but only on the business carried on through the machine.

(3) The ordinance is invalid because it imposes the license upon those selling cigarettes through a vending machine, though the city does not impose a tax upon others who pass out cigarettes over the counter, thus working a discrimination in contravention of the constitutional provisions.

(4) The ordinance is void in that it is not definite as to who is to pay the tax, or who is to be penalized for non-payment.

We may dispose of grounds (2) and (4) by saying that we have no difficulty in concluding that the ordinance clearly requires the tax to be paid by the person

operating, or permitting the machine to be operated on his premises. The ordinance speaks for itself, and appellee, Harmon, asserts that he was, at the time mentioned, permitting the machine to be operated on his premises. The allegations of the pleading do not place the company in danger of suffering damage by fine. The case relied on by appellees on this point is readily distinguishable. Sheppard v. Giebel, Tex. Civ. App., 110 S. W. (2d) 166.

On point (1) it is argued that one of the fundamental rules in construing taxing laws is that such are to be strictly construed against the taxing power. Esbeco Dist. Co. v. Shannon, Auditor, 278 Ky. 689, 694, 129 S. W. (2d) 172, citing domestic and foreign authorities, and that the application of the doctrine of ejusdem generis does not bring the machine into the taxed class. That rule is well known and has frequently been defined:

"It teaches us that broad and comprehensive expressions in an act such as, 'and all others,' or 'any others,' are usually to be restricted to persons or things of the same kind or class with those specifically named in the *preceding* words." Vansant v. Com., 189 Ky. 1, 224 S. W. 367, 371; Federal Chemical Co. v. Paddock, 264 Ky. 338, 94 S. W. (2d) 645.

Counsel contends that because vending machines are not mentioned specifically, if they are to be taxed they must be so under the inclusive doctrine, and under the second general provision "or any other device used for gain." It is argued that vending machines are in a class by themselves, and not embraced in the class of "musical, gaming or weighing machine." If the latter clause was the only one to be considered as being "general," the conclusion would be correct, but in our judgment it seems clear from the language used it was the purpose of the ordinance to place a $5 license tax on all kinds and descriptions of coin-in-the-slot devices, save and except penny machines, cared for in another section of the ordinance, and pay telephones. The language is broad enough to include slot machines of any description, save such as are excepted specifically.

In a number of cases we have held that the ejusdem generis and expressio unius rules are rules of construction, and not of substantive law; not to be applied if the intention of the act is clear. We had the rules under

discussion in Mills v. City of Barbourville, 273 Ky. 490, 117 S. W. (2d) 187, 188, wherein we determined the validity of Kentucky Statutes, Section 3490-12, which provided a fixed license fee on auctioneers, merchants and eight or ten other named occupations, which ordinance closed with these words: "Or any trade occupation or profession."

Appellant was a building mechanic, and sought to avoid payment of the fee, on the ground that the general and all-embracing words *following* specific trades or occupations, would by construction be limited to the generis. We said in that case, quoting from 25 R. C. L. 944:

> "The general object of an act sometimes requires that the final general term shall not be restricted in meaning by its more specific predecessors, and if, on consideration of the whole law upon the subject, and the purposes sought to be effected, it is apparent that the legislature intended the general words to go beyond the class specifically designated, the rule does not apply."

Here, as will be seen, the specific machines mentioned, both precede and follow the all-embracing terms, and it requires no strained construction for us to conclude that it was the intention of the council to impose a license tax on "persons operating or permitting to be operated on his premises," in the city "a slot machine of any description operated by placing coins in the slot," of course, with the exception named.

The same question presented here appeared in the case of State of South Dakota v. Fairbanks, 65 S. D. 272, 273 N. W. 188, 111 A. L. R. 759. There the ordinance provided a license for the operation of gum and mint vending machines and six or eight other types of automatic dispensing machines. It did not include a nickel-in-the-slot phonograph. Fairbanks was convicted of operating the music playing machine without license. Upon appeal the contention was made that the ordinance mentioning specifically certain automatic vendors did not embrace the music machine, by the use of the words "or any other machine requiring the deposit of money or metal chips therein before operating." The court rejected the argument as did the court in Larson v. Rockford, 371 Ill. 441, 21 N. E. (2d) 396, a similar case.

We may also refer to the contention that the city lacks power to levy a license on vending machines under Section 3058-2, Kentucky Statutes, which empowers the city to "license, tax and regulate" a great number of businesses, trades, professions, occupations and amusements, but does not specifically mention the selling of wares by means of slot machines. This is true, but Section 3058-25, Kentucky Statutes, gives the authorities power to pass consistent ordinances in maintaining the peace, good government, health and welfare of the city. In a closing sentence of that section it is provided: "And any enumeration of subjects and matters herein to be regulated shall not be construed as a limitation upon this general power." Section 3058-2 closes with these all-embracing words: "to license, tax and regulate all occupations, professions and trades, not heretofore enumerated, of whatsoever name or character." Whether an exercise of the police power, or as a revenue measure, or both, the ordinance may be upheld. Com. v. Kelley, 229 Ky. 722, 17 S. W. (2d) 1017.

We think almost every contention to the effect that the ordinance contravenes either the State or Federal Constitution, is fully answered in the recent case of Williams v. Bowling Green, 254 Ky. 11, 70 S. W. (2d) 967, and in the Mills case supra, together with such as we have cited, both domestic and foreign.

So far we have not discussed, except incidentally, the status of Edgerton (who is the Service Company), who pleads that the company was engaged in the business of selling cigarettes by mechanical means, but that the machine was not on or being operated on premises owned or controlled by the company. There was no effort to collect the tax from it. This pleading, acquiesced in by Harmon, makes it clear that Harmon was not engaged in selling his cigarettes; this being true, the contention as to discrimination passes out of the case.

Our construction of the ordinance in question is that it applies to every person "operating or permitting to be operated on his premises" a slot machine, not excepted from the provisions of the ordinance. It follows that the judgment below must be and is reversed and remanded for orders in conformity herewith.