**CITY OF HARLINGEN et al. v. FEENER.**

No. 11038.

Court of Civil Appeals of Texas.

San Antonio.

July 9, 1941.

Osce Fristoe, of Harlingen, for appellants.

Carter & Stiernberg, of Harlingen, for appellee.

NORVELL, Justice.

This is a zoning case. The City of Harlingen, its building inspector and the members of its Board of Adjustment under a zoning ordinance have appealed from a perpetual injunction prohibiting them from interfering with the "construction and enlargement" of appellee's building, which is a dwelling house located in the City of Harlingen, Texas.

The city building inspector refused to grant a permit for the proposed enlargement, holding that such modification of the building was prohibited by the Harlingen Zoning Ordinance. Appellee appealed to the Board of Adjustment which sustained the decision of the building inspector.

The court below after a trial without a jury issued its injunction, which had the effect of vacating the decision of the Board of Adjustment. In so doing the trial court committed reversible error.

The Harlingen Zoning Ordinance provides for two classifications of residence areas. One family dwellings, together with uses customarily incident thereto, when located on the same lot and not involving the conduct of a business, are permitted in "Resident A Districts." In "Resident B Districts" additional uses are permitted, including "customary home occupations engaged in by the occupants of the dwellings on the premises and including the office of a professional person when situated in the same dwelling used by such professional person as his or her private dwelling."

The provisions of the sections of the zoning ordinance providing for two types of residential zones or areas, when construed with reference to each other, lead us to the conclusion that the use of a dwelling house, or a part thereof, as an office of a professional person such as a medical doctor is prohibited by the ordinance within the boundaries of District A. Such use is, however, a conforming one within the area of District B. This classification is made by means of a comprehensive zoning ordinance and must be considered valid and binding.

The appellee is a medical doctor and the property involved is within "Resident

A District." The plans and specifications of the proposed enlargement of appellee's building disclose the contemplated construction of a laboratory, a reception room, a secretary's office, a dark room, as well as a room or space for the placing of beds adjacent to the reception room. It appears that the remainder of the building and the larger part thereof is to be constructed or enlarged so as to be made suitable as a dwelling place for appellee and his family. The Board of Adjustment, as well as the trial court, heard evidence from various witnesses, including appellee, with reference to the proposed enlargement of the building and the intended use thereof. Upon this evidence, including the plans and specifications, it can not be said that either the building inspector or the Board of Adjustment abused his or its discretion in holding that the proposed structure or use was of a type prohibited in "Resident A District."

The legal principles here involved were fully discussed by this Court in the recent case of City of Corpus Christi v. Jones, 144 S.W.2d 388. See authorities therein cited.

The judgment appealed from is reversed and judgment here rendered that appellee take nothing.