
PIAGET-DEL CORPORATION, RELATOR, v. JACOB KULIK, BUILDING INSPECTOR OF THE CITY OF CLIFTON, AND CITY OF CLIFTON, RESPONDENTS.

Argued December 1, 1945; briefs submitted December 12, 1945— Decided December 26, 1945.

Before Justice HEHER, pursuant to the statute.

For the relator, *Feder & Rinzler*.

For the respondents, *John G. Dluhy*.

HEHER, J. This is an application under *R. S.* 2:83–2 for a peremptory writ of *mandamus* commanding the respondent building inspector to issue a permit for the erection of a building, 234′ x 102′, on lands of relator fronting on State Highway Route No. 6, also known as Piaget Avenue, in the respondent municipality, for use as a "skating rink."

The essential facts have been stipulated. The *locus* is in an area zoned for business under an ordinance adopted pursuant to *R. S.* 40:55-30, *et seq.*, which provides, *inter alia*, that in the business districts therein delineated "no building or premises shall be used, and no building shall be erected which is arranged, intended, or designed to be used" for certain "trades, industries or uses"—among others "Merry-Go-Rounds, Ferris Wheels or similar amusement."

The building inspector denied the permit on the ground that the proposed use is not permissible in a business zone; and respondents now aver that such an interdict is to be found in the general words "or similar amusement." The point is not well made.

It is the settled rule in aid of interpretation that, barring a clear contextual manifestation to the contrary, general words in a clause such as this are restricted to things *ejusdem generis*. Under the principle of *ejusdem generis*, general words following particular and specific words are not given their natural and ordinary sense, standing alone, but are confined to persons and things of the same kind or *genus* as those enumerated. *Studerus Oil Co., Inc.,* v. *Jersey City,* 128 *N. J. L.* 286; *Syms* v. *Town of West Hoboken,* 90 *Id.* 130; *Craft* v. *Smith,* 35 *Id.* 302; *Livermore* v. *Freeholders of County of Camden,* 29 *Id.* 245; *affirmed,* 31 *Id.* 507.

Here, the use of the qualifying adjective "similar" is indicative of a purpose to limit the operation of the general words to amusements of a kind and character like those already specified. As thus used, "similar" connotes homogeneity, *i. e.*, "nearly corresponding; resembling in many respects; having a general likeness." *Webster's New International Dictionary* (*2d ed.*). There are substantial differences, grounded in the considerations to be served by zoning, that suffice to exclude amusements of the one class and not the other from the areas zoned for business; at all events, it cannot be said that such classification is utterly lacking in reason and therefore arbitrary. There is no resemblance between those enumerated in the zoning regulation and the proposed use except that they take the general category of "amusements." Merry-go-rounds and ferris wheels are not

only of a radically different nature, but their operation is much more public than the one suggested here, and not in keeping with the normal uses assigned to a business district, while a housed skating rink is not a discordant use. Respondents find similarity in that both classes of amusement "attract large crowds" for "diversion, to the accompaniment of music," "noise," and traffic congestion; but these are wholly artificial standards not found in the regulation itself. Unless the action taken by the administrative agency is in pursuance of a definite and certain policy and uniform rule of action laid down for its guidance in the legislative grant of authority, and so confined, it is in essence the exercise of legislative power, and therefore unlawful. *Potts* v. *Board of Adjustment of Princeton,* 133 *N. J. L.* 230. If these words were to be so interpreted, practically all amusements would fall within the ban; and thus the language employed to express the local legislative design would not receive its ordinary and natural meaning. Evidently, there was no intention, by this provision, to reach all amusement devices and places of entertainment. Use restrictions upon real property must find their justification in some aspect of the police power, exerted for the public welfare, and must be clearly and explicitly expressed. *Brandon* v. *Montclair,* 124 *Id.* 135; *affirmed,* 125 *Id.* 367.

It is also urged that, since the projected use is "not expressly prohibited" in industrial zones under section 4 of the ordinance, it is interdicted by section 3 (r), proscribing in business districts "Any trade or use permitted in an industrial zone."

But this, plainly, would be distortive of the expressed legislative intent. The exclusion of amusements of the stated class from the uses permissible in the business areas necessarily implies the inclusion of all others of the general category. The obvious purpose of section 3(r) was to bar from the business districts uses peculiarly appropriate to industrial zones, and thus to maintain the fundamental distinction between the two areas.

And there is no merit in the contention that until relator invokes the remedy of an appeal to the local zoning board

of adjustment from adverse action of the building inspector, provided by the zoning ordinance, *mandamus* will not be available to secure the relief sought.

As we have seen, the zoning ordinance has no application; and, since there was full compliance with the local building code (such is conceded), it was the peremptory duty of the building inspector to issue the permit in question. *Losick* v. *Binda,* 102 *N. J. L.* 157; *Lutz* v. *Kaltenbach,* 101 *Id.* 316; *McAllister* v. *Moffett,* 6 *N. J. Mis. R.* 692.

A peremptory writ of *mandamus* is awarded, with costs.