## HOISINGTON v. BOX et al.
### No. 12230.

Court of Civil Appeals of Texas.
San Antonio.
March 7, 1951.

Rehearing Denied April 4, 1951.

Lyman, Pittman & Schraub, Corpus Christi, for appellant.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellee.

NORVELL, Justice.

This is an appeal from a temporary injunction restraining Dr. H. C. Hoisington from practicing dentistry in his residence situated in the "residential district" of the Del Mar Addition to the City of Corpus Christi, Texas.

The record is very voluminous upon a request for a hearing for temporary relief and many matters contained in the briefs relate to issues which could be better decided upon the final trial. The order appealed from recites that the temporary injunction was issued to maintain the status quo until a hearing could be had upon the merits. Dr. Hoisington stated that, unless restrained, he intended to use a portion of his residence for treating persons in need of dental work.

The Del Mar Addition is subject to 38 paragraphs of restrictive covenants. The two paragraphs particularly applicable to this case are as follows:

"(1) That all of said property in Del Mar Addition *shall be used for private residence purposes only,* except that specifically designated and set aside for business purposes, and the further exceptions hereinafter specifically set forth pertaining to apartment houses, hotels, churches and schools."

"(32) That no part of said addition shall be used for treating persons afflicted with tuberculosis, or diseases that are infectious or contagious, nor shall any tent, open air structure, sanitarium or hospital for the

treatment of the afflicted or for surgery be erected or maintained in Del Mar Addition, *and the use of a residence for the professional treatment of the sick is prohibited.* Provided that hospitals and sanitariums where noncontagious or infectious diseases are treated may be built in the Business Section of Del Mar by first obtaining a written permit from A. L. Wright, Trustee, which he may grant or refuse in his own discretion." (Italics supplied.)

█ If the use of the property intended by Dr. Hoisington is proscribed by these covenants, it can not be said that the trial judge abused his discretion in granting the temporary order. Appellant pleaded affirmative defenses of waiver which raise fact issues. These matters may be properly determined upon a hearing of the merits. As above pointed out, the purpose of the temporary injunction was to preserve the status quo, and the propriety of the order in this regard is the issue now before us.

█ In our opinion the restrictions of the Del Mar Addition prohibit the practice of dentistry in a building occupied also as a residence and consequently the temporary order should be affirmed.

The use of property in the addition, other than that situated in the business district, is restricted to "private residence purposes only." The restrictive covenants also specifically provide that "the use of a residence for the professional treatment of the sick is prohibited." Dentists and dental surgeons, fitters of dentures and those who repair decayed teeth and treat spongy and receding gums for pyorrhea and kindred diseases belong in the same category. All are engaged in the "practice of dentistry" as that phrase is commonly understood. A person practicing dentistry is engaged in "the professional treatment of the sick," and comes within the bar of the restriction.

█ Appellant argues that the meaning of the phrase relating to the use of a residence for the treatment of the sick, when taken in its context means only that a building no longer used as a residence should not be converted into a place for the treatment of the sick. It is urged that so long as the primary purpose of the structure remains residential, the use of a part thereof for the incidental treatment of the sick is not prohibited by the covenant. If a building were converted into a place for the treatment of the sick, and no longer used as a residence, it would clearly come within the common meaning and understanding of the terms, "hospital" or "sanitarium." It is apparent that should appellant's construction of Paragraph 32 be accepted, the words, "the use of a residence for the professional treatment of the sick is prohibited," would be meaningless as the paragraph would have the same meaning regardless of whether the phrase were included therein or excluded therefrom.

The order appealed from is affirmed. City of Farmersville v. Texas-Louisiana Power Co., Tex.Civ.App., 33 S.W.2d 272; City of Harlingen v. Feener, Tex.Civ.App., 153 S.W.2d 671; Walker v. Dorris, Tex. Civ.App., 206 S.W.2d 620; 24 Tex.Jur. 123, Injunctions, § 86.